UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY SKYES,<br><br>   Plaintiff,<br><br> v.<br><br>MAIL ROOM SUPERVISOR,<br><br>   Defendant. | No.  1:23-cv-00965-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 13) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed December 8, 2025.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II.

## ALLEGATIONS OF COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names the unknown mailroom supervisor as the sole Defendant.

California Code of Regulations, Title 15, states that indigent envelopes may be used to mail out any correspondence, including paintings. Plaintiff attached the required indigent envelopes to paintings to be mailed home. Avenal State Prison mailroom sent my paintings back stating I needed to use a trust account withdrawal and pay to mail them home. One of the paintings was also destroyed. I used the grievance system to handle this issue at local and state level. CDCR headquarters in Sacramento had Avenal State Prison re-open and interview Plaintiff about the issue. Plaintiff was interviewed two times by an unknown lieutenant. At the end of the second interview an agreed resolution was accepted that Plaintiff, the lieutenant, and mailroom would send out the paintings using the indigent envelopes as payment. Although Plaintiff agreed

2

to this, he did not agree that it would only be done this time to put this grievance to rest. Plaintiff stated it should be done that way all the time as provided by Title 15. Avenal State Prison wanted to rely on a line in the Department Operational Manual. Plaintiff sent the paintings out again and once again they were sent back. By disallowing access to the mail, Avenal State Prison is violating Plaintiff's constitutional rights.

**III.**

**DISCUSSION**

**A.    Mail**

Prison inmates enjoy a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Censorship of outgoing prisoner mail is justified only if the regulation or practice furthers an important or substantial governmental interest unrelated to the suppression of expression, and the limitation of First Amendment freedoms is no greater than is necessary or essential to the protection of the particular governmental interest involved. Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (citing Procunier v. Martinez, 416 U.S. 396, 413, (1974)). A temporary delay or isolated incident of mail interference is usually insufficient to establish a constitutional violation. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999); Zaiza v. Tamplen, No. 2:15-cv-0447-KJM-EFB P, 2016 WL 2930877, at *4 (E.D. Cal. May 19, 2016).

For an indigent prisoner, the right to postage at state expense to mail legal documents is included in the constitutional right to access the courts. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987), overruled on other grounds by Lacey, 693 F.3d at 925-28. Legal mail in the context of the First Amendment generally applies to correspondence between a prisoner and his attorney or mail sent from a prisoner to a court. See Wolff v. McDonnell, 418 U.S. 539, 575-76 (1974); Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). However, there is no constitutional right to free postage for non-legal mail. Holmberg v. Vail, No. C 11-5449 BHS/KLS, 2012 WL 380043, at *9 (W.D. Wash. Jan. 3, 2012); see also Johnson v. Goord, 445 F.3d 532, 534 (2d Cir. 2006); Van Poyck v. Singletary, 106 F.3d 1558, 1559-60 (11th Cir. 1997); Hersberger v. Scaletta, 33 F.3d 955, 957 (8th Cir. 1994); Semeneck v. Ahlin, No. 1:09-cv-00566 JLT (PC), 2010 WL 4738065, at *6 (E.D. Cal. Nov. 16, 2010).

3

Here, Plaintiff does not allege that his mail was censored.  Rather, Plaintiff contends his constitutional rights were violated when his painting was not mailed, despite submission of an indigent envelope.  Plaintiff's claim therefore depends on whether he had a constitutional right to mail the materials at issue without paying for postage.  Plaintiff does not allege that any of this material was to be sent to a court, to his attorney, or to other parties in his active cases. Rather, Plaintiff states that he was trying to send a painting home.  Because the materials that Plaintiff attempted to send are not legal mail in the context of the First Amendment, Plaintiff does not have a constitutional right to unlimited free postage to send the material.

In order to state a First Amendment claim of mail interference under § 1983, Plaintiff must allege specific facts showing that a defendant's action of returning his painting amounted to more than an isolated incident of mail interference.  Plaintiff has failed to do so.  In fact, Plaintiff fails to provide any reason(s) given for the return of his painting and it was an isolated incident of mail interference.  In addition, there are insufficient facts to reflect an improper motive.  An isolated incident may state a claim if accompanied by evidence of an improper motive. Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (concluding that single alleged incident of a failure to deliver permissible catalogs mailed to a prisoner was insufficient to amount to a First Amendment violation); White v. Decker, No. 2:24-cv-01685-CKD, 2024 WL 4374276, at *2-3 (E.D. Cal. Oct. 2, 2024) ("the mail interference must involve more than isolated incidents or, if so isolated, be based on an improper motive,").  The mere failure to follow California Department of Corrections and Rehabilitation mail regulations was insufficient to plausibly allege Defendant acted with improper motive. See Lingo v. Boone, 402 F. Supp. 768, 773 (C.D. Cal. 1975) (finding prisoner not entitled relief under § 1983 where prison officials improperly withheld a piece of mail); Nixon v. Sec'y Penn. Dep't of Corr., 501 F. App'x 176, 178 (3d Cir. 2012) (holding that a prisoner's allegation of a "single, isolated interference with personal [non-legal] mail was insufficient to constitute a First Amendment violation").  Furthermore, the First Amendment does not grant Plaintiff a right to send mail in a manner that violates CDCR's procedures and practices.  In addition, Plaintiff's contention that that the mailroom supervisor failed to comply with Title 15 is insufficient to give rise to a constitutional violation.  The mere

4

violation of a prison regulation does not give rise to a cognizable claim for relief. See, e.g., Nible v. Fink, 828 F. App'x 463, 464 (9th Cir. 2020) (violations of title 15 of the CCR do not create private right of action); Manzanillo v. Jacquez, 555 F. App'x 651, 653 (9th Cir. 2014) (ruling that a failure to record an interview with a prisoner in violation of prison policy does not constitute a violation of a federal right); Richson-Bey v. Watrous, No. 1:23-cv-01482-JLT-GSA (PC), 2023 WL 3956148, at *12 (E.D. Cal. June 12, 2023) ("There is no independent cause of action under 42 U.S.C § 1983 for a violation of title 15 regulations"); Romero v. Katavich, No. 1:11-cv-0935-LJO-MJS (PC), 2012 WL 484782, at *11 (E.D. Cal. Feb. 14, 2012) (California prison regulations do not give rise to protected due process rights).  Accordingly, Plaintiff fails to state a cognizable claim for relief.

### B.   Further Leave to Amend Would be Futile

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading in the Court's November 18, 2025 order screening Plaintiff's original complaint. Despite guidance from the Court, Plaintiff's first amended complaint is substantially similar to Plaintiff's original complaint. Based upon the allegations in Plaintiff's original and first amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts to support his claims, and that further amendment would be futile. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").  Hence, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### IV.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should

5

be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 30, 2026**

STANLEY A. BOONE
United States Magistrate Judge

6